**In re LAURIAT'S INC., et al., Debtor.**

**Bankruptcy No. 98–11847–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

April 8, 1998.

John F. Drew, Lane Altman & Owens, L.L.P, Boston, MA, for Debtor.

## ORDER ON MOTION FOR REARGUMENT AND RECONSIDERATION

WILLIAM C. HILLMAN, Bankruptcy Judge.

On March 31, 1998, Debtors filed a "Motion of Debtors for Order": (A) Authorizing and Approving Agency Agreement Between Debtors and Gordon Brothers Partners, Inc. Subject to Higher and Better Offers; (B) Authorizing Debtors and Agent to Conduct Store Closing Sales and Sell Certain Personal Property Pursuant to Section 363 of the Bankruptcy Code; (C) Waiving Certain State and Local Statutes and Regulations; and (D) Granting Related Relief (the "Motion").

On April 1, 1998, I denied the Motion by an endorsement order citing 28 U.S.C. § 959(b).[1]

On April 7, 1998, Debtors filed a motion for reargument, reconsideration, and a hearing on expedited notice of the Motion (the "Second Motion").

Stripped to its bare essentials, the Second Motion and its accompanying memorandum of law continue to urge that I exempt them from certain provisions of state law regarding closing-out sales. Debtors urge that only by obtaining such an exemption can they maximize recovery for the estate from the assets of the stores to be closed. As the means to justify that end, they point to numerous instances where a power granted by the Bankruptcy Code conflicts with state law and, of course, the federal law prevails. This is not such a case. Here the federal statute restricts the powers which may be exercised by federal court officers; it does not expand them beyond what is permitted by state law.

To determine whether I can carve an unwritten exemption for the Debtors out of the language of § 959(b), I apply the traditional tools of statutory construction.

The interpretation of a statutory provision must begin with the plain meaning of its language. *Pennsylvania Public Welfare Dept. v. Davenport*, 495 U.S. 552, 557, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990).

"[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, that first canon is also the last: judicial inquiry is complete."

*Connecticut National Bank v. Germain*, 503 U.S. 249, 253–254, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992) (citations and internal quotes omitted).

A debtor in possession *shall* manage the property of the estate in accordance with state law; there is no exception for convenience or monetary gain. To the extent that other courts have reached a different result, I respectfully differ.

A hearing would serve no purpose. The Second Motion is denied.

1. "Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."